Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 637 | **DATE** | 8/5/2002 |
| **CASE TITLE** | CONNECTICUT INDEMNITY CO. vs. AUTO EUROPE, INC., ET AL. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for summary judgment [30-1] is denied. Defendant DER Travel Service, Inc.'s motion for summary judgment [33-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 06 2002 | |
| | Notified counsel by telephone. | | date docketed | 44 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 AUG -5 PM 3:52 | 8/5/2002 date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | pw mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



AUG 0 6 2002

| | |
|---|---|
| CONNECTICUT INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | No. 02 C 637 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| AUTO EUROPE, INC., KEMWEL HOLIDAY ) | |
| AUTOS, LLC, and DER TRAVEL SERVICE, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Connecticut Indemnity Co. ("Connecticut Indemnity") sues Auto Europe, L.L.C. ("Auto Europe"), Kemwel Holiday Autos, L.L.C. ("Kemwel"), and DER Travel Service, Inc. ("DER Travel") for a declaratory judgment regarding Connecticut Indemnity's duty to defend DER Travel in *Harter, et. al. v. Auto Europe, Inc. et al.*, No. 01 C 07549, pending in the Circuit Court of Cook County, Illinois ("the *Harter* action"). Auto Europe was voluntarily dismissed from this action. Kemwel was dismissed pursuant to Fed. R. Civ. P. 4(m). Connecticut and DER Travel cross-move for summary judgment.

### BACKGROUND

All facts are undisputed. Connecticut Indemnity is an insurance company operating in Connecticut. DER Travel is a travel service company that reserves car rentals for tourists traveling to Europe. DER Travel is insured under Connecticut Indemnity's travel agents professional liability

1

44

policy ("the insurance policy"). The insurance policy provides DER Travel with insurance coverage for:

> Coverage C - Any negligent act, error or omission of the insured or any other person for whose acts the named insurer is legally liable in the conduct of travel agency operations by the named insured.

Def. 56.1 Facts, Ex. C (internal quotations omitted). Connecticut Indemnity agrees to defend legal actions against DER Travel seeking damages for bodily injuries, property damage, negligent acts, or other personal injuries. *Id.* at ¶ 4. The insurance policy excludes misconduct that is "willfully dishonest, fraudulent or malicious, or in willful violation of any penal or criminal statute or ordinance, and is committed (or omitted) by or with the knowledge or consent of the insured." *Id.*, Ex. C (internal quotations omitted).

DER Travel is a defendant in the *Harter* action. The *Harter* complaint alleges DER Travel violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.* ("the Consumer Fraud Act"), by improperly calculating the value added tax due on car rentals in Europe. DER Travel timely notified Connecticut Indemnity about the *Harter* action. Connecticut Indemnity determined it had no duty to defend.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and offer specific facts showing there is a genuine issue for trial. Fed. R.

Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

## II. Duty to Defend

Under Illinois law, "the construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate subjects for disposition by way of summary judgment." *Crum & Forster v. Resolution Trust Corp.*, 156 Ill.2d 384, 391, 620 N.E.2d 1073, 1077 (1993).[1] An insurer's duty to defend is broader than its duty to indemnify. *Tews Funeral Home, Inc. v. Ohio Cas. Ins. Co.*, 832 F.2d 1037, 1042 (7th Cir. 1987). "In determining whether an insurer has a duty to defend its insured, the court must look to the allegations in the underlying complaint and compare these allegations to the relevant coverage provisions of the insurance policy." *Crum & Forster*, 156 Ill.2d at 393, 620 N.E.2d at 1079. The court should examine the legal claims pursued by the claimant, and the alleged conduct that is the basis of the action. *Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co.*, 976 F.2d 1037, 1039 (7th Cir. 1992).

"If the complaint states a claim that is within, or even potentially or arguably within, the scope of coverage provided by the policy," the insurer is obligated to defend the insured. *Id.* (citing

---

[1] The parties agree Illinois law governs resolution of Connecticut Indemnity's duty to defend.

3

*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 578 N.E.2d 926 (1991)). Put another way, an insurer is obligated to defend its insured if the allegations in the complaint give rise to the possibility of recovery under the policy; "there need not be a probability of recovery." *Tews Funeral Home, Inc.*, 832 F.2d at 1042. Ambiguities within the policy must be construed in favor of the insured. *Pipefitters Welfare*, 976 F.2d at 1040 (citing *Wilkin Insulation Co.*, 144 Ill.2d at 74, 578 N.E.2d at 930). The insurer may properly refuse to defend only if it is clear from the face of the complaint that the alleged misconduct is not covered under the insurance policy. *Id.* at 1040 (citing *Conway v. Country Cas. Ins. Co.*, 92 Ill.2d 388, 442 N.E.2d 245 (1988)). The court "must read the underlying complaint liberally." *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 829 (7th Cir. 1992) (citing *Wilkin Insulation Co.*, 144 Ill.2d at 74, 578 N.E.2d at 930).

The material facts are undisputed. The court must determine, as a matter of law, whether Connecticut Indemnity has a duty to defend DER Travel in the *Harter* action. Connecticut Indemnity contends the Consumer Fraud Act claim (Count VII) in the *Harter* action concerns intentional misrepresentation. On that basis, Connecticut Indemnity asserts it has no duty to defend because the applicable insurance policy provision (coverage clause C) covers negligent acts or omissions, and the policy expressly excludes willfully dishonest, fraudulent, or malicious acts. DER Travel asserts the *Harter* complaint alleges both intentional and negligent misrepresentations about inclusion of the reservation fee in the tax calculation. Resolution of this dispute requires a comparison of the allegations in the *Harter* complaint with the coverage provisions of the insurance policy. *See Crum & Forster*, 156 Ill.2d at 394, 620 N.E.2d at 1079; *TIG Insurance Co. v. Joe Rizza Inc.*, No. 00 C 5182, 2002 WL 406982, at *7-8 (N.D. Ill. Mar. 14, 2002).

The *Harter* complaint alleges plaintiff Edward Sadlowski reserved a rental car with DER Travel in Rosemont, Illinois. Compl. at ¶ 58. Sadlowski was not informed the value added tax was charged on the reservation fee. *Id.* at ¶¶ 62-63. The complaint further alleges: "DER intended to deceive Sadlowski in this manner and deceptively conceal under the guise of a tax that Sadlowski was simply paying an increase in the fee that DER would receive directly." *Id.* at ¶ 65. The complaint refers to "deceptive acts" and "deceptive pricing." Compl. at ¶¶ 23, 67, 137. Further, Count VII alleges "the actions of the DER are intentionally and willfully effected in disregard of the law." *Id.* at ¶ 140. Connecticut Indemnity argues these allegations establish the Consumer Fraud Act claim is based on a willful violation, not negligent misrepresentation.

The court's review of the *Harter* complaint reveals that Count VII does not clearly exclude a Consumer Fraud Act claim for negligent misrepresentation. To state a consumer fraud claim, a plaintiff must establish a deceptive act or misrepresentation of a material fact by the defendant; that the defendant intended the plaintiff to rely on the deception; and the deception or misrepresentation occurred in the course of business. *Gragg v. Calandra*, 297 Ill. App. 3d 639, 647, 696 N.E.2d 1282, 1288 (2d Dist. 1998). Significantly, proof of an intent to deceive is unnecessary; an innocent or negligent misrepresentation is sufficient to establish liability under the Consumer Fraud Act. *Rubin v. Marshall Field & Co.*, 232 Ill. App. 3d 522, 533, 597 N.E.2d 688, 695 (1st Dist. 1992).

The complaint alleges Sadlowski relied on DER Travel's purported misrepresentation about the amount due on the value added tax. Count VII alleges a Consumer Fraud Act violation in general terms. Compl. at ¶¶ 134-140. Connecticut Indemnity's reliance on allegations of deceptive acts or a deceptive pricing plan to establish intentional conduct is misplaced. The Consumer Fraud Act requires proof of a deceptive act to establish a violation. Hence, references to deceptive acts fall

5

within the elements of a § 505/2 violation; the references do not necessarily invoke a defendant's mental state.

In *Solo Cup v. Federal Ins. Co.*, 619 F.2d 1178 (7th Cir. 1980), the plaintiff's Equal Employment Opportunities Commission complaint alleged the employer had "intentionally engaged in unlawful employment practices." Despite that allegation, the court held the insurer breached its duty to defend because a disparate impact claim did not require proof of discriminatory motive. *Solo Cup*, 619 F.2d at 1187. In *Blakely v. Hermitage Ins. Co.*, No. 94 C 359, 1994 WL 142952, at *2-3 (N.D. Ill. Apr. 15, 1994), the plaintiff used the term "negligently" in a count that primarily alleged battery. The court determined the plaintiff's crafting of the complaint to allege negligent conduct could not trigger the duty to defend. Reading the factual allegations of the complaint, the court determined plaintiff's claim alleged an intentional tort (battery) that was excluded from insurance coverage. Finally, in *Sun Electric Corp. v. St. Paul Fire & Marine Ins., Co.*, No. 94 C 5846, 1995 WL 270230 (N.D. Ill. May 4, 1995), the court recognized that claims under the Lanham Act, the Maine Deceptive Practices Act, and the Maine Trade Secret Act did not require proof of intentional misconduct to establish liability. As a result, the court held the insurer was not entitled to invoke the intentional misconduct exclusion clause in the insurance policy.

*Solo Cup*, *Blakely*, and *Sun Electric* are instructive. Similar to *Blakely*, Connecticut Indemnity's reliance on allegations that the "actions of the DER are intentionally and willfully effected in disregard of the law" is not dispositive. *See Travelers Ins. Co. v. Penda Corp.*, 974 F.2d 823, 827 (7th Cir. 1992) ("question of coverage should not hinge exclusively on the draftsmanship skills or whims of the plaintiff in the underlying action"). Like the claims in *Solo Cup* and *Sun Electric*, a Consumer Fraud Act claim does not require proof of an intent to deceive. Count VII

6

alleges DER Travel violated the Consumer Fraud Act because Sadlowski rented a car under a deceptive pricing scheme. Compl. at ¶¶ 134-137. The complaint does not clearly preclude Sadlowski from establishing liability under a reckless or negligence standard, or even through proof of an innocent misrepresentation. Indeed, "where bona fide controversies arise over the issue of negligence versus intentional conduct, declaratory judgment actions are premature until resolution of that question in the underlying tort case." *State Farm Mutual Automobile Ins. Co. v. Pfiel*, 304 Il. App. 3d 831, 834, 710 N.E.2d 100, 103 (1st Dist. 1999); *see also Hartford Fire Ins. Co. v. Whitehall Covalescent and Nursing Home, Inc.*, 321 Ill. App. 3d 879, 889, 748 N.E.2d 647, 682 (1st Dist. 2001) (where the insurance policy provided the possibility of covering a fraudulent scheme as a "medical incident," insurance company had a duty to defend).

Connecticut Indemnity relies on *Rubloff* and *Mutual Service*. *See Mutual Service Casualty Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548 (7th Cir. 1988); *Rubloff, Inc. v. American Nat'l Fire Ins.*, No. 95 C 6845, 1997 WL 264327 (N.D. Ill. May 13, 1997). *Mutual Service* is distinguishable because the underlying complaint alleged a "knowingly wrongful, unlawful, and oppressive" scheme to breach a contract. 859 F.2d at 552. The court held the plaintiff had pleaded an intentional tortious breach of contract claim. *Id.* The plaintiff failed to plead a negligence claim in the alternative. In contrast, the *Harter* complaint alleges a Consumer Fraud Act violation that does not necessitate an allegation of a particular mental state in the purported deception or misrepresentation. *See also Solo Cup*, 619 F.2d at 1187.

*Rubloff* held the insurance company had no duty to defend because the underlying complaint conclusively alleged intentional misconduct. 1997 WL 264327, at *6-7. The court held the complaint was not ambiguous as to the insured's state of mind. *Id.* In contrast, the *Harter*

7

complaint's allegations do not clearly limit the Consumer Fraud Act claim to intentional misconduct. The complaint's reference to the terms "intent" and "willful" could be construed to allege DER Travel's intent that Sadlowski rely on the misrepresentation. Compl. at ¶ 140. Indeed, a defendant may be liable for a Consumer Fraud Act violation if he intended the plaintiff to rely on the misrepresentation, but the misrepresentation was recklessly, negligently, or innocently conveyed. *Carl Sandburg Village Condominum Assn. No. 1 v. First Condominium Develp. Co.*, 197 Ill. App. 3d 948, 953, 557 N.E.2d 246, 280 (1st Dist. 1990); *accord United Fire and Casualty Co. v. Jim Maloof Realty, Inc.*, 105 Ill. App. 3d 1048, 1050, 435 N.E.2d 496, 498 (3d Dist. 1982) (no duty to defend where *every* allegation of misrepresentation was prefaced with "knowingly, willfully, and wantonly"). The ambiguity in the *Harter* complaint must be resolved in DER Travel's favor. *Wilkin Insulation Co.*, 144 Ill.2d at 74, 578 N.E.2d at 930.

In sum, Connecticut Indemnity is not entitled to declaratory judgment. Under Illinois law, the duty to defend is broader than the duty to indemnify. The court is required to read the underlying complaint liberally, and must interpret the insurance policy in favor of the insured. To grant declaratory judgment, the complaint must clearly exclude a non-intentional claim under the Consumer Fraud Act. Application of these principles establishes there remains a possibility that coverage clause C covers the consumer fraud claim in the *Harter* action. As a result, Connecticut Indemnity must defend the *Harter* action as a matter of law. *See Wilkin Insulation Co.*, 144 Ill.2d at 74, 578 N.E.2d at 930 (where even one claim is covered under the insurance policy, insurer must provide a complete defense to all claims asserted). The duty to defend continues unless an Illinois court construes the complaint to exclude unintentional conduct in Count VII. *Sears, Roebuck & Co. v. Reliance Ins., Co.*, 654 F.2d 494, 496 (7th Cir. 1981).

8

Finally, the court notes that a co-defendant brought a declaratory judgment action in another jurisdiction to compel Connecticut Indemnity to defend the *Harter* action. *See Auto Europe, L.L.C. v. Connecticut Indemnity*, No. 01-271-P.H., 2002 WL 475123, at *5-6 (D. Maine, Mar. 28, 2002). The Maine court determined the *Harter* complaint included claims that were potentially covered under the insurance policy. The court applied Maine law, which is analogous to Illinois law on an insurer's duty to defend. *See United Bank v. Chicago Title Ins. Co.*, 168 F.3d 37, 39 (1st Cir. 1999). Because this court concludes the *Harter* complaint encompasses a claim potentially within Connecticut Indemnity's duty to defend under Illinois law, discussion of DER Travel's collateral estoppel argument is unnecessary. Nevertheless, *Auto Europe* is persuasive.

## CONCLUSION

As a matter of law, Connecticut Indemnity is not entitled to declaratory judgment that it has no duty to defend the *Harter* action. Accordingly, Connecticut Indemnity's motion for summary judgment is denied. DER Travel's motion for summary judgment is granted.

August 5, 2002

ENTER:

Suzanne B. Conlon
United States District Judge